#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE NORTHERN DISTRICT OF MISSISSIPPI
#### OXFORD DIVISION

**FRANKLIN L. SIBLEY**                                                             **PLAINTIFF**

**VS.**                                                  **CIVIL ACTION NO.: 3:20cv282-GHD-JMV**

**CITIZENS BANK & TRUST COMPANY**
**OF MARKS, QUITMAN COUNTY, MISSISSIPPI**
**and PEYTON MB SELF III**                                       **DEFENDANTS**

### ORDER

This matter is before the court on the unopposed motion [29] of Defendants, Citizens Bank & Trust Company of Marks, Quitman County, Mississippi and Peyton MB Self III (collectively "Defendants") [29], by and through counsel of record, and in accordance with L. U. Civ. R. 79(e) to seal certain documents on the docket. For the reasons discussed hereafter, the motion is granted as directed below.

    **I.**     **The Documents Subject to the Motion to Seal**

The documents subject to said motion are attachments to Plaintiff's Complaint as follows:

    a.     Doc. 1-4, Exhibit "D"
    b.     Doc. 1-7, Exhibit "G"
    c.     Doc. 1-8, Exhibit "H"
    d.     Doc. 1-9, Exhibit "I"
    e.     Doc. 1-12, Exhibit "L"
    f.     Doc. 1-13, Exhibit "L"
    g.     Doc. 1-17, Exhibit "P"
    h.     Doc. 1-18, Exhibit "Q"
    i.     Doc. 1-19, Exhibit "R"
    j.     Doc. 1-21, Exhibit "T"
    k.     Doc. 1-22, Exhibit "U"

  l.  Doc. 1-24, Exhibit "U"
  m.  Doc. 1-25, Exhibit "U"

## II. The Legal Standards and Analysis

When presented with a request to seal, a court is to exercise its discretion "in light of the relevant facts and circumstances of the particular case." *Haley v. Merial*, No. 4:09-CV-00094-GHD-JMV, 2013 WL 12213925, at *1 (N.D. Miss. Feb. 28, 2013) (quoting *Nixon v. Warner Commc'ns, Ins.*, 435 U.S. 589, 603, 98 S. Ct. 1306, 55 L. Ed. 2d 570 (1978)). The Fifth Circuit applies a "balancing test to determine whether the danger of improper use outweighs the common-law right of public access." *Haley* at *1 (citing *Belo Broad. Corp. v. Clark*, 654 F.2d 423, 434 (5th Cir. 1981)).

Certain of the documents at issue as identified in Defendants' motion to seal contain information that relates to customers of CB&T. This includes customer names and general communications of customer banking activity. State and federal law restrict the disclosure of information related to customer activity of a financial institution. For example, by statute, Mississippi prohibits the disclosure by a bank or financial institution of the name of any depositor or the amount of any deposit. MISS. CODE. ANN. § 81-5-55. Additionally, the Graham Leach Bliley Act prohibits disclosure of customer financial information to unrelated third-parties absent consent of the customer. 15 U.S.C.A. § 6802.

Other of the documents sought to be sealed contain the business and financial information of CB&T. These documents have no specific relation to the instant complaint. For example, details of the discussions of the CB&T board of directors which are unrelated to Plaintiff as reflected in the minutes of the board of directors' meetings are not relevant to the issues presented in the instant case, and sealing of the documents should not, accordingly, affect

the public interest. Documents which contain business or financial information, by their nature, contain sensitive information that is subject to being sealed by the Court. *See Smith v. Schmidt & McGarland Firm*, No. 3:06-CV-25-B-A, 2008 WL 1716646, at *1 (N.D. Miss April 9, 2008). Sealing of the internal communications of CB&T and its employees related to activities and operation of the bank, documents referencing policies of CB&T, the official minutes of the corporations' boards of directors, and like documents to protect the business operations of CB&T outweighs any public interest in the information. Accordingly, the Clerk of the court is directed to seal on the docket the following exhibits, including any attachments thereto:[1]

    a.    Doc. 1-4, Exhibit "D"
    b.    Doc. 1-7, Exhibit "G"
    c.    Doc. 1-8, Exhibit "H"
    d.    Doc. 1-9, Exhibit "I"
    e.    Doc. 1-12, Exhibit "L"
    f.    Doc. 1-13, Exhibit "L"
    g.    Doc. 1-17, Exhibit "P"
    h.    Doc. 1-18, Exhibit "Q"
    i.    Doc. 1-19, Exhibit "R"
    j.    Doc. 1-21, Exhibit "T"
    k.    Doc. 1-22, Exhibit "U"
    l.    Doc. 1-24, Exhibit "U"
    m.    Doc. 1-25, Exhibit "U"

SO ORDERED this 29th day of January, 2021.

                                            /s/ Jane M. Virden
                                            U.S. Magistrate Judge

---

[1] For the same reasons as set forth herein, the court will not lift its prior order sealing Doc.1-11, Exhibit K ; Doc. 1-15, Exhibit N; and Doc.1-17, Exhibit P, Attachment O.