IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**FRANKLIN L. SIBLEY**                                                                      **PLAINTIFF**

**VS.**                             **CIVIL ACTION NO.: 3:20-CV-282-GHD-JMV**

**CITIZENS BANK & TRUST COMPANY
OF MARKS, QUITMAN COUNTY, MISSISSIPPI;
PEYTON MB SELF III**                                                   **DEFENDANTS**

## ORDER GRANTING IN PART AND DENYING IN PART
## PLAINTIFF'S MOTION FOR DISCOVERY

This matter is before the Court on the Plaintiff's Motion for Discovery [43], filed on November 1, 2021. Defendants filed their Response in Opposition [44] on November 15, 2021, and Plaintiff filed his Response in Support [47] on November 23, 2021. For the reasons explained herein, the motion will be granted in part and denied in part.

### Introduction

According to the Plaintiff's complaint, the Plaintiff, Franklin L. Sibley, is a former employee and retiree of the Citizens Bank & Trust Company. He asserts claims against said former employer and Peyton MB Self III, controlling shareholder of the Bank, Chairman of the Board, and CEO of the Citizen Bank's Board of Directors. The claims are brought under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. 1001, et seq. and Mississippi law.

Pursuant to the minute entry for the telephonic status conference held before the undersigned on October 18, 2021, the court entered a briefing schedule concerning the availability of ERISA-related discovery. In support of his motion to conduct discovery, the Plaintiff argues that he should be able to "conduct discovery to make certain the administrative record is accurate

and complete and, more importantly in this action, determine the nature and extent of the defendants' conflicts of interest which would serve to undermine the alleged 'administrative basis' for the belated denial of earned retirement benefits, as well as the nature and extent of the defendants interference in plaintiff's right to receive benefits." [43] at 1-2. Plaintiff seeks to serve nine (9) interrogatories and fourteen (14) requests for production. In their response in opposition, Defendants argue that while there is a structural conflict of interest, discovery should be limited, if allowed at all. Further, it bears mentioning that the Administrative Record has yet to be filed in this case.

## **Law and Analysis**

Generally, "parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26. However, courts must monitor discovery closely in an ERISA case. *See Crosby v. Louisiana Health Serv. & Indem. Co.*, 647 F.3d 258, 264 (5th Cir. 2011).

Even still, in an ERISA action, a claimant may question the completeness of the administrative record; whether the plan administrator complied with ERISA's procedural regulations; and the existence and extent of a conflict of interest created by a plan administrator's dual role in making benefits determinations and funding the plan. *Id.* at 263. These issues are distinct from the question of whether coverage should have been afforded under the plan. *Id*. As the Fifth Circuit recognized in *Crosby*, one could "envision situations where evidence resolving these disputes may not be contained in the administrative record." *Id., citing Wildbur v. ARCO Chem. Co.,* 974 F.2d 631, 638–39 (5th Cir. 1992). A discovery request for such information may be relevant and thus permissible under federal discovery rules*. Id., citing Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 820 (5th Cir. 2004).

As Magistrate Judge Roy Percy recognized in *Jones v. Merchants & Farmers Bank of Holly Springs, Mississippi,* 2019 WL 2425675, at *1 (N.D. Miss. June 10, 2019), "the existence and extent of a conflict of interest 'is one of the rare areas in which a plaintiff can often expand the administrative record with discovery.'" *Ariana M. v. Human Health Plan of Texas, Inc.*, 884 F.3d 246, 254 (5th Cir. 2018) (citing *Crosby*, 647 F.3d at 263). A conflict of interest is created by a plan administrator's dual role in making benefits determinations and funding the plan. *Crosby*, 647 F.3d at 263 (citing *Metropolitan Life Insurance Company v. Glenn*, 554 U.S. 105, 117 (2008)). In their response in opposition to discovery, Defendants have admitted that there is a structural conflict of interest because Citizens Bank both funded Sibley's SERP and had authority to determine benefits due. *Manual v. Turner Industries Group, L.L.C.*, 905 F.3d 859 (5th Cir. 2018) (defining a structural conflict of interest to include the conflict of "a fiduciary obligation to participants as claims administrator" when one also "suffers a direct financial loss whenever claims are paid.").

In *Jones*, the court found that the defendant's dual role as co-administrator of the plan and as president and CEO of the bank created a conflict of interest. *Jones,* 2019 WL 2425675, at *1 (N.D. Miss. June 10, 2019). Similarly, the facts of the instant case reveal a conflict of interest in that Citizens Bank both funded Sibley's SERP and had authority to determine benefits due, and Defendant Self served as the CEO of the Bank's Board of Directors and participated in the Plaintiff's benefits determination. The court finds there are sufficient indicia of a conflict of interest in this case to allow the Plaintiff to conduct discovery as to its existence and extent.

The Fifth Circuit has cautioned that when permitting discovery in ERISA cases, "district courts must monitor discovery closely," "must be mindful of the limitations placed on the frequency and extent of discovery under the federal rules, particularly Rule 26(b)," and must

"guard against abusive discovery." *Id.* at *2 (N.D. Miss. June 10, 2019), citing *Crosby*, 647 F.3d at 264. Thus, the discovery allowed will be limited in scope.

In *Jones*, discovery was limited to matters relevant to the existence and extent of the defendant's conflict of interest, such as whether he had a history of biased claims administration and whether his compensation was affected by the grant or denial of claims. *Id.* Within this realm, the court allowed discovery of information regarding the structure of the defendant's compensation, such as his employment contract and any performance bonuses. The plaintiff was also allowed to obtain copies of these documents and depose the defendant and his co-administrator regarding any steps to mitigate the potential conflict, and any efforts by the defendant to unduly influence the claim determination. *Id.*

It is with this analysis at the forefront that the Court will address the Plaintiff's proposed discovery below.

## The Proposed Discovery

In Plaintiff's motion, he submits proposed discovery requests. Consistent with the law and analysis detailed above, the Court finds that discovery shall be permitted as follows:

### Proposed Interrogatories

1. Identify and describe each and every document, record or other information, including internal rules, on which the Plan Administrator relied in determining the appropriate procedures to be followed in reviewing and ultimately determining to deny the plaintiff's continued receipt of retirement benefits.

**RULING:** **Plaintiff's motion for discovery as to this interrogatory is granted.**

2. Identify and describe each and every communication to the Federal and Mississippi Bank examiners and regulators which concerned or referenced the reduction in duties and/or departure of Frank Sibley as an employee starting in January 2017 through July 2021.

**RULING:** **Plaintiff's motion for discovery as to this interrogatory is granted.**

3. Identify and describe each and every communication between defendant Self, Hill Blalock, other officers of the Citizens Bank, and the Citizen's Bank Board and/or its Holding Company concerning the termination of Self's and Blaylock's SERP Agreements and/or surrender of their Bank Owned Life Insurance (BOLI) policies for cash value.

**RULING:** **Plaintiff's motion for discovery as to this interrogatory is granted.**

4. Identify and describe each and every communication, including documents, between and among defendant Self, Jimmy Prichard, the members of the Citizens Bank Board and members of the Citizens Bank Holding Company Board regarding the circumstances of plaintiff's July 2019 retirement, including any matters relating to job performance.

**RULING:** **Plaintiff's motion for discovery as to this interrogatory is granted.**

5. Identify and describe each and every communication between defendant Self, the members of the Citizens Bank Board and members of the Citizens Bank Holding Company Board with Equias Alliance concerning plaintiff's receipt and entitlement to retirement benefits.

**RULING:** **Plaintiff's motion for discovery as to this interrogatory is granted.**

6. Identify and describe each and every communication between defendant Self, Jimmy Prichard, other management and officers of Citizens Bank, the members of the Citizens Bank Board, and the members of the Citizens Bank Holding Company Board with Federal and Mississippi Bank examiners and regulators concerning the financial condition of Citizens Bank

from January 1, 2017 through July 1, 2021.

**RULING:** **Plaintiff's motion for discovery as to this interrogatory is granted.**

7. Identify and describe each and every communication and document relied upon by the defendants in issuing the January, 2020 notice of termination of retirement benefits sent to Frank Sibley.

**RULING:** **Plaintiff's motion for discovery as to this interrogatory is granted.**

8. Please provide a statement of the annual compensation (salary, bonuses, dividends) received by defendant Self provided by Citizens Bank and the Citizens Bank Holding Company for years 2016 through 2020. In doing so, please provide a description of the position and job duties assumed by defendant Self for which such compensation was paid.

**RULING:** **Plaintiff's motion for discovery as to this interrogatory is granted in part and denied in part. Plaintiff may request "A statement of the annual compensation (salary, bonuses, dividends) received by defendant Self provided by Citizens Bank and the Citizens Bank Holding Company for years 2016 through 2020" in order to determine whether Defendant Self's compensation was affected by the grant or denial of claims. The request for a description of the position and job duties is denied as overly broad.**

9. Please identify and describe each and every communication and document reflecting the consideration of whether Frank Sibley was entitled to continue to draw retirement benefits, including any communications from July 20, 2019 through January 30, 2020.

**RULING:** **Plaintiff's motion for discovery as to this interrogatory is granted.**

### Requests for Documents

1. All documents identified in your responses to Plaintiff's first set of interrogatories.

**RULING:** **Plaintiff's motion for discovery as to this request is granted.**

2. Internal rules, guidelines, protocols or other similar criteria relied upon in making the determination on plaintiff's entitlement to retirement benefits.

**RULING: Plaintiff's motion for discovery as to this request is granted.**

3. A complete copy of Frank Sibley's personnel file, including copies of all documents reflecting performance appraisals, evaluations, memoranda pertaining to bonuses and increases in salary from 2010 through July 2019.

**RULING:    Plaintiff's motion for discovery as to this request is granted.**

4. All documents pertaining to Frank Sibley's position and job duties with the Citizens Bank, its Board of Directors and the Banks Holding Company's Board of Trustees.

**RULING:    Plaintiff's motion for discovery as to this request is granted.**

5. All documents pertaining to defendant Self's position and job duties with the Citizens Bank, its Board of Directors, and the Banks holding company's Board of Trustees.

**RULING: Plaintiff's motion for discovery as to this request is denied as overly broad.**

6. All documents sent to and received from Federal and Mississippi Bank examiners and regulators from January 1, 2018 through July 1, 2021 concerning the Citizens Bank's financial status, terms of the consent order and compliance with the consent order.

**RULING:    Plaintiff's motion for discovery as to this request is granted.**

7. All documents sent by the defendants to the Federal and Mississippi Bank examiners and regulators from January 1, 2018 through July 1, 2021 regarding Frank Sibley's employment status, Plaintiff's July 2019 retirement, and any reasons therefore.

**RULING: Plaintiff's motion for discovery as to this request is granted.**

8. A complete copy of the computer files maintained by Jennifer Tudor.

**RULING:** This request for production is denied as being overly broad. Plaintiff may seek "A complete copy of any and all computer files maintained by Jennifer Tudor that reference Plaintiff, Frank Sibley."

9. A complete copy of the computer files, including all communications, sent by or received by defendant Self concerning Frank Sibley between January 1, 2018 through January 30, 2020.

**RULING: Plaintiff's motion for discovery as to this request is granted.**

10. A complete copy of all communications sent by or received by Jimmy Prichard concerning Frank Sibley, including references to plaintiff's job performance, between January 1, 2018 through January 30, 2020.

**RULING: Plaintiff's motion for discovery as to this request is granted.**

11. A complete copy of employment contracts between the Citizens Bank and the Citizens Bank Holding Company with defendant Self during years 2016 through 2021.

**RULING:** **Plaintiff's motion for discovery as to this request is denied on the ground that it is overly broad.**

12. All documents reflecting communications concerning Frank Sibley's job performance received by the Citizens Bank, its governing board and the Citizens Bank Holding Company Board of Trustees during years 2016 through 2020.

**RULING:** **Plaintiff's motion for discovery as to this request is granted.**

13. All documents reflecting communications between and among defendant Self, defendant Citizens Bank, its governing board, the Citizens Bank Holding Company, and Equias Alliance during 2017 through July 2021.

**RULING:** **Plaintiff's motion for discovery as to this request is denied as overly broad. Plaintiff may request "All documents reflecting communications between and among defendant Self, defendant Citizens Bank, its governing board, the Citizens Bank Holding Company, and Equias Alliance during 2017 through July 2021 which relate to or concern the Bank's financial status and/or Plaintiff, Frank Sibley."**

14. Documents reflecting the Citizens Bank's financial status as reported to the Federal and Mississippi Bank examiners and regulators from January 2017 thru the present.

**RULING:** **Plaintiff's motion for discovery as to this request is granted.**

Defendants must properly identify and produce a privilege log with respect to documents withheld under a claim of privilege. Furthermore, in reviewing the posture of this case, the undersigned notes that it is no longer stayed, and accordingly, the Administrative Record should be filed.

### Conclusion

Therefore, the Motion of Plaintiff to Allow Discovery is **GRANTED IN PART AND DENIED IN PART** as provided herein above. Defendants are directed to file the Administrative Record within seven (7) business days of the date of this order. Should Defendants desire that said record be sealed, a proper motion to seal shall be filed.

**SO ORDERED** this, the 8th day of December, 2021.

/s/ Jane M. Virden
**UNITED STATES MAGISTRATE JUDGE**