IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**FRANKLIN L. SIBLEY**                                                                    **PLAINTIFF**

**VS.**                                                     **CIVIL ACTION NO. 3:20-CV-282-GHD-JMV**

**CITIZENS BANK & TRUST COMPANY**
**OF MARKS, QUITMAN COUNTY, MISSISSIPPI**
**AND PEYTON MB SELF III**                                    **DEFENDANTS**

## ORDER GRANTING IN PART SECOND MOTION FOR DISCOVERY

THIS MATTER IS BEFORE THE COURT on Plaintiff's second motion for discovery [70]. The matter has been fully briefed. For the reasons discussed below, the motion is granted in part.

In the instant motion, Plaintiff seeks leave of Court to conduct the depositions of the Defendants Citizen Bank & Trust Company ("Citizens Bank") and Peyton Self ("Self") (collectively "Defendants"), and the members of Citizens Bank's Board of Directors. The Plaintiff also seeks leave of Court to serve subpoenas for production of documents and things to Equias Alliance, as well as to Federal and State Bank Examiners. Finally, the Plaintiff seeks leave of Court to serve an additional Request for Production of Documents to Citizens Bank.

In opposition to the motion, Defendants repeatedly argue that in ERISA actions, discovery, if allowed at all, is limited to that related to the completeness of the administrative record, whether the plan administrator complied with ERISA procedural regulations, and the existence and extent of a conflict of interest created by a plan administrator's dual role in making benefits determinations and funding the plan. *See* [48] at 2 (citing *Crosby v. Louisiana Health Srv. & Indem. Co.,* 647 F. 3d 258, 263 (5th Cir. 2011)). According to the Defendants, the second set of proposed discovery in this case is unrelated to those topics.

1

As explained below, the court does not find Defendants' arguments persuasive. First, while it is accurate that discovery in a typical ERISA Section 502(a)(1)(B) claim is limited, if permitted at all, to the aforesaid areas, it is apparent since its filing that this case is different. The claims at issue in the instant case are not limited to Section 502(a)(1)(B), but instead include claims pursuant to Sections 503 and 510, as well as counterclaims for "Recoupment of Overpaid Benefits," "Offset of Prematurely Paid Benefits," "Unjust Enrichment," and for attorney's fees. *See* [64] and [65]. As discussed in *Manuel v. Turner Indus. Grp., LLC*, 2021 WL 1187072, at *4 (M.D. La. Mar. 29, 2021):

> District courts have held that discovery regarding fiduciary duty claims under ERISA § 502(a)(3) should not be limited to the administrative record and should, instead, be governed by the general scope of discovery provided by Rule 26(b). *See, e.g., Lauga v. Applied Cleveland Holdings, Inc.*, No. 16-14022, 2017 WL 3867543, at *2 (E.D. La. Mar. 30, 2017) (holding discovery should be allowed in § 502(a)(3) action); *Malbrough v. Kanawha Ins. Co.*, 943 F. Supp. 2d 684, 700 (W.D. La. 2013) ("Because this court has found that this case involves claims for relief under ERISA § 1132(a)(3), and that § 1132(a)(3) does not have the same stringent discovery limits as ERISA § 1132(a)(1)(B) cases, the court orders that the parties proceed with discovery."); *Coffey v. Hartford Life & Accident Ins. Co.*, 318 F.R.D. 320, 323 (W.D. Va. 2017) ("[A] breach of fiduciary duty claim that . . . concerns materials and events outside of the administrative review process should not be subject to the same discovery constraints as a typical denial of benefits claim.") (citing *Marlbrough*, 943 F. Supp. 2d 692-93); *Milby v. Liberty Life Assurance Co. of Boston*, No. 13-487, 2016 WL 4599919, at *5 (W.D. Ky. Sept. 2, 2016) ("[T]his Court finds that discovery is permissible in this case due to the existence of a breach of fiduciary duty claim pursuant to § 1132(a)(3)."); *Moran v. Life Ins. Co. of N.A. Misericordia U.*, No. 13-765, 2014 WL 4251604, at *9 (M.D. Pa. Aug. 27, 2014) (holding that discovery on breach of fiduciary duty claim was warranted and listing numerous cases in support).

*Manuel v. Turner Indus. Grp., LLC*, 2021 WL 1187072, at *4 (M.D. La. Mar. 29, 2021).

Furthermore, given the breadth of claims made by both sides in the instant case, even if the court were to limit discovery to conflicts, procedural regulations, and record completeness, the undersigned finds that the discovery proposed, with certain exceptions discussed below, is appropriate.

2

## **The Exceptions**

The Court finds that the proposed discovery shall be modified as follows:

**A. Deposition of Citizens Bank**

1. *Topic 4. The ownership and/or financial interest in Citizens Bank of each member of the Board of Directors.*

While the court agrees this inquiry is directly related to the conflict of interest, it is overly broad in terms of time and will be limited to the year of Sibley's alleged termination and the year of the board approval of the same.

2. *Topic 5. The foundation and source information for all documents Defendant has produced and or identified as part of its responses to Plaintiff's Request for Production of Documents.*

The court finds the Defendants' objection to this topic to have merit. The topic is too vague, confusing, and burdensome.

3. *Topic 8. The Plaintiff's employment evaluations.*

The court finds this topic should be limited in time to the four years prior to Sibley's alleged termination**.**

4. *Topic 10. Communications between Defendant and Equias Alliance.*

This is limited to inquiries concerning communications in the documents identified by Defendants in response to prior interrogatory 5.

5. *Topic 11. Communications between the Defendant's employees and/or its board of directors with the FDIC and/or Mississippi Department of Banking and Consumer Finance concerning the Defendant's "Consent Order" and all related status reports.*

In opposition to this topic, the Defendants argue that "the Consent Order and related status reports of the FDIC have nothing to do with whether Mr. Sibley is entitled to benefits under the SERP" and Defendants "cannot answer without violating regulatory prohibitions." In the court's view, as noted above, given the nature of the allegations made on both sides in this case, the

3

suggestion that the consent order and financial status of the bank have no relevance to the claims, defenses, or counterclaims is simply not colorable. On the other hand, to the extent protected information must be divulged by the deponent in order to respond to an inquiry at the deposition of the Bank, that matter can be taken up with the court when and if it arises.

> 6. *Topic 13. Communications between the Defendant's employees and/or its board of directors with the FDIC and/or Mississippi Department of Banking and Consumer Finance concerning the Plaintiff's retirement.*

To the extent protected information must be divulged by the deponent in order to respond to an inquiry at the deposition of the Bank, that matter can be taken up with the court when and if it arises.

### B. Additional Request for Production

Plaintiff seeks production of a thumb drive located in the bank's vault alleged to contain communications of Jennifer Tutor. The court finds that to the extent that the thumb drive exists, Defendants should so state and produce such of the communications contained on it that concern Sibley's retirement, termination, and/or resignation (including any board approval of same), benefits, the SERP and/or the BOLI.

### C. Depositions of the individual Board members (other than Self)

To the extent the depositions are limited to the issues of whether the individual Bank Board members were informed of the substance of Sibley's administrative appeal and what information, if any, the Board members reviewed in deciding to terminate Sibley's benefits in January 2020, the depositions will be allowed, but not otherwise.

### D. Defendants' Request for Discovery of Plaintiff

Finally, as to Defendants' imbedded request for discovery of Plaintiff, while the court would be inclined—for the reasons discussed above—to permit some discovery of Plaintiff, the

4

Defendants will need to separately move for such relief so that the Plaintiff has an appropriate opportunity to respond.

## Conclusion

Therefore, the Plaintiff's Second Motion for Discovery [70] is **GRANTED IN PART** as provided hereinabove.

**SO ORDERED** this, the 12th day of April, 2022.

/s/ Jane M. Virden
**UNITED STATES MAGISTRATE JUDGE**